998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John C. BLEAVINS, Plaintiff/Appellant,
v.
UNITED STATES of America, Defendant/Appellee.
 No. 92-3222.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1993.*
Decided July 16, 1993.
 
 Before MANION and ILANA DIAMOND ROVNER, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 The United States Internal Revenue Service (IRS) determined that John Bleavins had not filed tax returns for the years 1981 through 1985. Consequently, the IRS filed a lien against Bleavins' property and a levy against his income. Bleavins brought this action for damages under 26 U.S.C. § 7431, charging the IRS with willfully violating 26 U.S.C. § 6103 by disclosing his tax return information. The district court granted summary judgment in favor of the United States. Bleavins appeals.
 
 
 2
 Section 7431 provides for civil damages when "any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of ... section 6103." 26 U.S.C. § 7431(a). Section 6103 generally prohibits the disclosure of returns and return information, except as authorized elsewhere in the tax code. 26 U.S.C. § 6103(a). Section 6103(k)(6) provides an exception to the general rule by authorizing internal revenue officers to disclose return information if necessary to collect taxes. Internal revenue officers and employees may also disclose return information:
 
 
 3
 to establish or verify the financial status or condition and location of the taxpayer against whom collection activity is or may be directed, to locate assets in which the taxpayer has an interest, ... or otherwise to apply the provisions of the [tax] Code relating to establishment of liens against such assets, or levy on, or seizure, or sale of, the assets to satisfy any such liability.
 
 
 4
 Treas.Reg. 26 C.F.R. § 301.6103(k)(6)-1(b)(6).
 
 
 5
 Bleavins argues that the IRS did not employ proper procedures, as outlined in 26 U.S.C. § 6331, in levying against his income and that the "void process" resulted in an unauthorized disclosure of his return information. Specifically, he claims that he did not receive proper notice.
 
 
 6
 We have reviewed the record and determined that the IRS did not engage in the unauthorized disclosure of Bleavins' return information. The record contains copies of Certificates of Assessments and Payments documenting a tax deficiency for Bleavins and a letter sent by certified mail entitled "Final Notice (Notice of Intention to Levy)", warning Bleavins that he had ten days to respond or the IRS would levy upon his property in accordance with § 6331(d). Certificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made. Gentry v. United States, 962 F.2d 555, 557 (6th Cir.1992) (citing United States v. Chila, 871 F.2d 1015, 1018 (11th Cir.), cert. denied, 493 U.S. 975 (1989); United States v. Zolla, 724 F.2d 808, 810 (9th Cir.), cert. denied, 469 U.S. 830 (1984); United States v. Miller, 318 F.2d 637, 639 (7th Cir.1963)).
 
 
 7
 The Commissioner's tax deficiency assessments are entitled to a "presumption of correctness," imposing upon the taxpayer the burden of proving that the assessment is erroneous. Gold Emporium, Inc. v. Commissioner of Internal Revenue, 910 F.2d 1374 (7th Cir.1990); cf. United States v. Sato, 1990 U.S.Dist.LEXIS 5467, 90-1 U.S.Tax.Cas. (CCH) p 50278 (N.D.Ill.1990) (Rovner, J.) (certificate of assessments and payments sufficient to establish the government's prima facie case of liability). The record also contains evidence that Bleavins spoke with an IRS officer, informed him he would not pay taxes and refused to provide documentation showing he did not have to pay taxes. Having received no payment within ten days of the notice, the IRS placed a levy on Bleavins' property. We will not, under the guise of a § 7431 action, inquire whether the tax assessment, levy and lien were proper.
 
 
 8
 Bleavins' objections stem from the disclosures the IRS made notifying third parties of the liens and levies on Bleavins' property. As a general rule, liens and levies do not constitute unauthorized disclosures under § 6103. Long v. United States, 972 F.2d 1174 (10th Cir.1992); Maisano v. United States, 908 F.2d 408, 410 (9th Cir.1990) (return information used to secure tax liens and levies was properly disclosed in connection with IRS collection activities and section 6103); cf. Weiner v. IRS, 986 F.2d 12 (2nd Cir.1993) (plaintiff could not sue for unlawful disclosure of tax information when the IRS erroneously placed a levy on her pension fund and bank accounts due to "computer error" causing denial of credit, embarrassment, loss of reputation at the university where fund was kept, loss of credit rating and ill health because "computer error" does not amount to knowing or negligent disclosure by United States employees under §§ 7431 and 6103). We agree with the district court's determination that the disclosures were made in compliance with 26 U.S.C. § 6103(k)(6) in an attempt to collect Bleavins' tax liability.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs