The **AETNA CASUALTY & SURETY COMPANY, Plaintiff–Appellant,**

v.

The **UNITED STATES of America, Defendant–Appellee.**

**No. 463, Docket 95–6078.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 3, 1995.

Decided Dec. 5, 1995.

Lorraine M. Weil, Hartford, CT (G. Eric Brunstad, Jr. and Patricia A. Shackelford, Hebb & Gitlin, Hartford, CT, of counsel), for Plaintiff–Appellant.

Mary K. Doyle, Department of Justice, Washington, DC (Barbara C. Biddle, Department of Justice, Civil Division, Appellate Staff, Washington, DC, of counsel), for Defendant–Appellee.

Before: ALTIMARI, McLAUGHLIN, and LEVAL, Circuit Judges.

LEVAL, Circuit Judge:

Aetna Casualty & Surety Co. ("Aetna") appeals from decisions of the district court dismissing its complaint for lack of subject matter jurisdiction, and denying its motion to amend the complaint.

In its initial complaint, Aetna asserted a cause of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. Subsequently, Aetna sought to amend its complaint to plead an additional cause of action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. We affirm the dismissal of the original complaint, although on different grounds, and reverse the trial court's denial of Aetna's motion to amend.

Aetna had issued a surety bond to the government guaranteeing the Black Lung payments of LTV Steel Company to the extent of $5.5 million.[1] When LTV Steel went into bankruptcy, the United States Department of Labor began to make Black Lung payments on its behalf and called on Aetna to pay to the limits of its bond, which Aetna did. Aetna alleges that, by reason of the Black Lung payments it made on the government's behalf, the government is entitled to reimbursement from LTV Steel and that Aetna is subrogated to that reimbursement as of right.

Meanwhile, as a result of the Steel Reinvestment Fund Act, a part of the Tax Reform Act of 1986,[2] LTV Steel became entitled to a tax refund exceeding $180 million.

Aetna notified the Internal Revenue Service that as the subrogee of the government for the Black Lung payments Aetna made, it was entitled to have the government offset a portion of the tax refund to be turned over to Aetna. The IRS instead paid the refund to LTV Steel, and Aetna failed to recover fully its surety payments.

Aetna's initial complaint brought this action in tort under the FTCA. Aetna claimed to be subrogee to the government's right of offset, and argued that the government had tortiously converted Aetna's property by paying the entire refund to LTV Steel instead of offsetting it for Aetna's benefit.

The district court, following Magistrate Judge Fitzsimmons' recommended ruling of January 22, 1995, dismissed the complaint for want of subject matter jurisdiction. The magistrate judge reasoned that this was a contract action and that the district court lacked subject matter jurisdiction over claims arising in contract exceeding $10,000, because the United States has waived its sovereign immunity to such suits only when they are brought in the Court of Claims. 28 U.S.C. §§ 1346(a)(2), 1491(a)(1).

Although we do not necessarily agree with the district court that Aetna's claim sounds exclusively in contract rather than tort, there is no need to reach this issue. Even assuming, without deciding, that the government tortiously converted Aetna's interest in the tax refund, which Aetna allegedly acquired by right of subrogation, *see Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 136–37 & n. 12, 83 S.Ct. 232, 234–35 & n. 12, 9 L.Ed.2d 190 (1962), the FTCA's waiver of sovereign immunity does not apply to claims "arising in respect of the assessment or collection of . . . tax[es]." 28 U.S.C. § 2680(c). Thus, we affirm the district court's decision on the ground that Aetna's claim is barred under § 2680(c). *See Richardson v. Selsky*, 5 F.3d 616, 621 (2d Cir.1993) ("[W]e may affirm on any basis supported by the record, including grounds on which the district court did not rely.").

Aetna argues this claim is outside the exception of § 2680(c) because it relates to the payment of a refund, and not "assessment or

---

**1.** Under the Federal Coal Mine Health and Safety Act of 1969, LTV Steel was required to pay benefits to coal mine employees suffering from black lung disease and the survivors of those who had died from it. 30 U.S.C. §§ 901 *et seq.; see also* 20 C.F.R. §§ 718.1 *et seq.* (1994). Pursuant to federal statutory requirements, the company elected to self-insure the payment of these obligations. Federal law requires companies wishing to self-insure their Black Lung payments to

obtain a surety bond of the sort LTV Steel purchased from Aetna. *See* 20 C.F.R. §§ 726.4, 726.101 (1994).

**2.** Pub.L. No. 99–514, § 212, Oct. 22, 1986, 100 Stat. 2085, 2170, amended by Pub.L. No. 100–647, Title I, § 1002(f), Nov. 10, 1988, 102 Stat. 3342, 3369.

collection" of taxes. This reads the statute too narrowly. *See Kosak v. United States,* 465 U.S. 848, 854, 104 S.Ct. 1519, 1523–24, 79 L.Ed.2d 860 (1984) (broadly construing the "arising in respect of" language in § 2680(c)); *Capozzoli v. Tracey,* 663 F.2d 654, 657 (5th Cir.1981) (§ 2680(c) bars trespass claim against IRS agent); *Interfirst Bank Dallas, N.A. v. United States,* 769 F.2d 299, 307 (5th Cir.1985) (§ 2680(c) exemption "applies to *all* tax-related claims") (emphasis in original), *cert. denied,* 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 716 (1986); *Morris v. United States,* 521 F.2d 872, 874 (9th Cir.1975). We understand the § 2680(c) exception to cover claims arising out of the operation of the government's mechanism for assessing and collecting taxes. The payment of refunds when due is an integral part of that mechanism. Accordingly, even assuming Aetna's action lies in tort, we construe § 2680(c) to bar a claim for the IRS's tortious conversion of a tax refund. On this basis, we affirm the dismissal of the complaint pleaded under the FTCA.

Aetna also appeals from the district court's denial of its motion to amend the complaint to state a claim under the APA. The APA provides:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action ... seeking relief other than money damages ... shall not be dismissed nor relief therein be denied on the ground that it is against the United States....

5 U.S.C. § 702. Aetna argues that it is aggrieved by the government's failure to pay over funds which Aetna acquired by right of subrogation. As a result of the Black Lung payments to LTV Steel's employees, Aetna asserts that the Department of Labor ("DOL") had a right of setoff against LTV Steel's tax refund and a corresponding obligation, by reason of Aetna's subrogation right, to pay those funds to Aetna. Aetna seeks injunctive relief to compel the government to perform its legal duty and provide Aetna the money it is owed.

■ We understand the district court to have rejected Aetna's motion to amend its complaint on two grounds. First, the court indicated that the APA claim was barred by the same jurisdictional defect as the original complaint—that Aetna's claim is essentially contractual and not within the jurisdiction of the district courts. Aetna's claim, however, is not for performance of a contract. Rather, Aetna seeks the performance of an obligation arising through operation of law by right of subrogation. *Pearlman,* 371 U.S. at 136 n. 12, 83 S.Ct. at 235 n. 12 ("'The right of subrogation is not founded on contract. It is a creature of equity; is enforced solely for the purpose of accomplishing the ends of substantial justice; and is independent of any contractual relations between the parties.'") (quoting *Memphis & L. R.R. v. Dow,* 120 U.S. 287, 301–02, 7 S.Ct. 482, 489, 30 L.Ed. 595 (1887)).

■ As a second ground for denying Aetna's motion to amend the complaint, the district court cited our assertion in *Ward v. Brown,* 22 F.3d 516, 520 (2d Cir.1994), that the APA does not waive sovereign immunity for claims seeking money damages. The district court thus construed Aetna's amended complaint as a claim for money damages, and for this reason rejected it. This misunderstood Aetna's theory. Its suit is not for damages to compensate for the government's failure to perform a duty. Rather it seeks to require the government to perform its duty—that is, to pay to Aetna funds held by the government for Aetna's benefit. Aetna reasons that, by virtue of the Black Lung payments made by Aetna on DOL's behalf, the government was owed money by LTV Steel. When the IRS came into possession of a large tax refund payable to LTV Steel, the government had the right to offset its Black Lung entitlement against LTV Steel's refund, and furthermore an obligation, resulting from the subrogation, to pay to Aetna its share of the offset. Aetna's claim under the APA seeks to compel the government to do its duty by paying over the funds owed to Aetna. In *Bowen v. Massachusetts,* 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988), the Supreme Court addressed a closely parallel question. Massachusetts claimed that the federal government had wrongfully withheld money owed it under the Medicaid pro-

gram. The Court ruled that the complaint was not barred by the APA's prohibition on suits for money damages. It reasoned that the suit was not seeking damages owed by reason of failure to perform a duty, but rather sought to compel the performance of the duty owed. This was found to come within the purview of the APA, even where the duty owed involved the payment of money. *Id.* at 899–900, 108 S.Ct. at 2734–2735. The same logic applies here. Because Aetna seeks injunctive relief to force the government to perform a legal obligation, the action is not forbidden by the APA's bar on money damages.

The government contends that because the tax refund was already paid to LTV Steel, the claim for the offset is moot, or, alternatively, must be seen as a claim for damages for failure to perform the alleged duty. According to the theory of Aetna's complaint, however, the government's claim that the money has already been paid to LTV Steel does not discharge the government's obligation to make payment to the correct party; if an agency has a legal obligation to pay money to a party, that duty does not disappear simply because the money was paid in error to the wrong person. *Cf. United States v. Collins,* 464 F.2d 1163, 1165 (9th Cir.1972) (forged check honored by bank in error deemed paid out of bank's own funds); *Sabatino v. Curtiss Nat'l Bank,* 446 F.2d 1046, 1056 (5th Cir.1971) (same).

The government also argues that the *Bowen* rule applies only in cases where the duty to make the payment is statutory. It is true the Supreme Court in *Bowen* referred to the statutory duty to pay, which the Court found to be enforceable by injunctive relief under the APA. *Bowen,* 487 U.S. at 900–01, 108 S.Ct. at 2735–36. In our view, the Court referred to the question whether there was a statutory duty because in that case the plaintiff was claiming a statutory duty. The opinion rests not on the fact that the federal government's duty was statutory, but rather on the distinction between money damages, which seek to compensate for governmental failure to perform a legal duty, and injunctive relief requiring that the duty be performed. *Id.* at 899–901, 108 S.Ct. at 2734–36. We can see no reason why the *Bowen* holding should be limited to duties prescribed by statute, as opposed to those arising under some other rule of law, any more than it should be limited to claims brought by Massachusetts.

The government cites the Third Circuit's holding in *Dia Navigation Co. v. Pomeroy,* 34 F.3d 1255, 1267 (3d Cir.1994), for the proposition that a *statutory* duty to pay money is required if monetary relief is sought under the APA by means of an injunction against the agency. This misreads *Dia.* The court therein recognized that such monetary relief would be available regardless whether the duty to pay arose from statute or from regulation. What the court refused to do was to usurp the agency's power to make rules under the statute. Thus *Dia* contradicts the government's position, as it reasoned that a statutory duty was not necessary to such a money award. We see no reason why the duty to pay money should not be equally enforceable under the APA regardless whether the duty arises by statute, regulation, or operation of law.[3]

In view of the fact that the district court's bases for dismissing the APA claim were invalid, we remand that claim. We express no view as to its validity. Our remand does not imply that it is well-founded, only that the reasons given by the district court for refusing to allow Aetna to amend its complaint were incorrect.

We therefore affirm the district court's dismissal of Aetna's FTCA claim, vacate its denial of Aetna's motion to amend the complaint, and remand for further proceedings consistent with this opinion.

---

**3.** The government's cause is also not aided by our recent decision in *Linea Area Nacional de Chile S.A. v. Meissner,* 65 F.3d 1034 (2d Cir. 1995). In that case, we held that an injunction to enforce a statutory duty to pay money did not constitute monetary relief under the APA, even where the statute did not specify that the money was owed directly to the plaintiff. *Id.* at 1043–44. This ruling is entirely consonant with our view that injunctive relief to compel the performance of non-statutory legal obligations is permissible under the APA.