**John D. MORELLI, Plaintiff,**

v.

**Eugene ALEXANDER, Arthur L. Brunwasser and Carol M. Landy, Defendants.**

**No. 95 CV 7057.**

United States District Court, S.D. New York.

April 4, 1996.

John D. Morelli, Garnerville, NY, pro se.

Mary Jo White, United States Attorney, Daniel S. Alter, Asst. U.S. Atty., New York City, for Defendants.

MEMORANDUM DECISION

PARKER, District Judge.

This action for mandamus is before this Court on Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6). *Pro se* Plaintiff John D. Morelli ("Morelli") brings this action under 28 U.S.C. § 1361 to compel Defendants, Eugene Alexander, Arthur L. Brunwasser and Carol M. Landy, agents of the Internal Revenue Service ("the Agents"), to strictly comply with the Internal Revenue Code and regulations.

Morelli charges that the Agents violated various duties under the Internal Revenue Code when they sent him several official notices without signing them under penalty of perjury, 26 U.S.C. § 6065,[1] when they failed to prepare a tax return for him, 26 U.S.C. § 6020, and when they sent him a defective Notice of Intent to Levy, 26 U.S.C. § 6031.

## *DISCUSSION*

### A. Mandamus Jurisdiction

A motion under Rule 12(b)(1) challenges subject matter jurisdiction. The federal courts are, of course, courts of limited jurisdiction. See *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2402–2403, 57 L.Ed.2d 274 (1978). A federal court is presumed to lack jurisdiction in a particular case unless jurisdiction is established. See *W.G. v. Senatore,* 18 F.3d 60, 64 (2nd Cir.1994). Here, Morelli asserts that the Court has subject matter jurisdiction under the Mandamus Statute, 28 U.S.C. § 1361, which provides:

1. Morelli was sent a Notice of Federal Tax Lien, three Notices of Intent to Levy, a Notice of Deficiency, and an Overdue Tax Return Notice.

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.[2]

■ Mandamus is a drastic remedy available only in extraordinary situations. See *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 189–90, 66 L.Ed.2d 193 (1980). Mandamus is available only when three conditions are met: (1) the plaintiff has a clear right to the relief sought, (2) the defendant has a plainly defined and peremptory duty to perform the act in question, and (3) no other adequate remedy is available. See *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir.1989). Where the party seeking relief under § 1361 fails to demonstrate the existence of any of the necessary criteria, mandamus is not available. See, e.g., *Sprecher v. Graber*, 716 F.2d 968, 973 (2d Cir.1983).

### 1. The Agents Failure to Verify the Notices

■ Morelli argues that the Agents violated their duty under 26 U.S.C. § 6065 by failing to sign the notices that they sent to Morelli. Section 6065 states:

Except as otherwise provided by the Secretary, any return, declaration statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.

Morelli has incorrectly interpreted this provision. Section 6065 was enacted to permit the *taxpayer* to submit a verified return rather than a notarized return, see, e.g., *Cohen v. United States*, 201 F.2d 386, 393 (9th Cir.) (construing § 6065's predecessor provision), *cert. denied*, 345 U.S. 951, 73 S.Ct. 864,

97 L.Ed. 1374 (1953), and does not apply to notices issued by IRS agents.[3] See *Pursell v. United States*, 1995 WL 273175 at *6 (E.D.Cal.1995); *Mueller v. Esselstrom*, 1995 WL 462219 at *2–3 (C.D.Cal.1995); *In re White*, 168 B.R. 825, 833 (Bankr.D.Conn. 1994). Accordingly, Morelli has failed to satisfy the second prong for mandamus jurisdiction which requires that there exist a plainly defined and peremptory duty to be performed. See *Mueller*, 1995 WL 462219 at *2–3 (action to require IRS agent to sign Notice of Intent to Levy failed to satisfy jurisdictional requirements of 28 U.S.C. § 1361). Further, other adequate remedies are available to Morelli, such as paying the assessed taxes and seeking a refund pursuant to 26 U.S.C. § 7422. See *Mueller*, 1995 WL 462219 at *3. See also *Davidson v. C.I.R.*, 589 F.Supp. 158, 161–62 (S.D.N.Y. 1984) (injunction restraining IRS from enforcing a levy denied because payment of the tax assessed followed by a suit for refund constitutes an adequate remedy). Morelli therefore also fails to satisfy the third requirement for mandamus jurisdiction.

### 2. The Agents' Failure to Make a Substitute Return

■ Section 6020(b)(1) authorizes the Secretary to make a substitute tax return for any person who fails to make one on his own. Morelli requests the remedy of mandamus which would have the effect of ordering the Agents to prepare a tax return for him. However, section 6020 does not require the IRS to prepare a return for the taxpayer before issuing a notice of deficiency. See, e.g., *Schiff v. United States*, 919 F.2d 830, 832–33 (2nd Cir.1990), *cert. denied*, 501 U.S. 1238, 111 S.Ct. 2871, 115 L.Ed.2d 1037 (1991); *United States v. Stafford*, 983 F.2d 25, 27 (5th Cir.1993); *Geiselman v. United States*, 961 F.2d 1, 5 (1st Cir.), *cert. denied*, 506 U.S. 891, 113 S.Ct. 261, 121 L.Ed.2d 191;

2. Morelli sues the Agents in their "personal and individual capacities" rather than in their official capacities in an apparent attempt to prevent the Department of Justice from representing the Agents. However, 28 U.S.C. § 1631 refers only to the official acts of government officers and therefore does not give this Court jurisdiction over their personal conduct. See *Cook v. Arent-*

*zen*, 582 F.2d 870, 876 (4th Cir.1978); *Mueller v. Esselstrom*, 1995 WL 462219 at *3, n. 2 (C.D.Cal. 1995).

3. 26 U.S.C. § 6331(d)(4), which prescribes what must be included in a Notice to Levy, does not require the signature of an IRS official.

