**Sharocco CLARK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 3:01cv0723AS.**

United States District Court, N.D. Indiana, South Bend Division.

June 5, 2002.

Sharocco Clark, Michigan City, IN, pro se.

Clifford D. Johnson, South Bend, IN, for Defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This matter is before the court on the Defendant United States' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Alternatively, the Plaintiff Sharocco Clark has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The above motions have been fully briefed by the parties. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331; 1346.

### I. BACKGROUND

The claims filed by Mr. Clark arise out of the issuance of his 1998 tax refund check by the United States, which according to Clark was cashed by another family member. (Plaintiff's Compl. at ¶ 9). Subsequently, Mr. Clark sought to have that refund check re-issued by the United States based upon his assertion that it was forged by the family member. (Id.). Mr. Clark has alleged that the United States engaged in certain wrongful acts and has sought relief for those actions pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq* and certain other federal statutes as discussed below. A close examination of the original complaint reveals that Clark seeks relief in several forms: 1) the issuance of a refund pursuant to 26 U.S.C. § 7422; 2) a claim for civil damages resulting from the unauthorized collection actions pursuant to 26 U.S.C. § 7433; and 3) a general claim for the wrongful acts alleged to have been committed by the United States under 28 U.S.C. § 2674.

On April 25, 2002, Clark filed his petition to amend his notice of tort claim. (See Plaintiff's Petition to Amend Notice of Tort Claim). That particular pleading sought to further clarify his claim for relief. That particular petition, which the court will treat as a motion to amend the complaint pursuant to Federal Rule 15, is now **GRANTED**. In his amended notice of tort claim Clark seeks to further bolster his claim pursuant to Section 7433 of Title 26 by demonstrating that the Internal Revenue Service intentionally disregarded certain statutory provisions. (See P's Amend. Tort Claim at ¶¶ 3–4). The amended petition also sought to increase his claim for damages by $10,000. (Id.)

The United States in responding to Clark's motion for summary judgment and in further support of its motion to dismiss has characterized Clark's claims as a claim for refund and for "tortious injury caused by the wrongful acts of the Internal Revenue Service." (See Defendant's Combined Reply Memorandum at p. 3). It is the position of the United States that this court lacks jurisdiction to entertain those claims and in the alternative that those claims are claims upon which relief could not be granted.[1]

---

1. The United States has not filed a motion to dismiss pursuant to Rule 12(b)(6) nor has it

Finally, it should be noted that in Clark's petition to amend his tort notice an exhibit was attached that indicated that an investigation was under way to determine whether a replacement check should be issued pursuant to 31 U.S.C. § 3343. (See P's Amend Tort Claim, Ex. H).

## II. DISCUSSION

The Plaintiff's characterization of his claims against the United States have varied somewhat throughout this proceeding. The court commends the Assistant United States Attorney on his briefs in the matter to help clarify the issues and for his efforts in attempting to determine whether a new refund check should be issued. The thrust of this case centers around whether or not the United States should have issued a refund check to Clark based upon his claim that a family member had forged his named and cashed the check. In construing this particular claim, as well as his remaining claims, the court must take into account Clark's status as a *pro se* litigant. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam).

 Congress has established a clear plan of recovery for those individuals whose United States Treasury check has been either stolen or lost without any fault by the claimant. See 31 U.S.C. § 3343. In order to recover Clark must demonstrate that: (1) the check was lost or stolen without fault of the payee; (2) the check was negotiated and paid on a forged endorsement of the payee's name; (3) the payee did not participate in any part of the proceeds of the negotiation; and (4) recovery from the forger on the check after the forgery has been or may be delayed or unsuccessful. 31 U.S.C. sec. 3343(b); See also *Strann v. United States*, 2 Cl.Ct. 782 (1983). It appears that Clark also attempts to make a claim for a tax refund in his complaint. However, the court finds based upon the record at this point that Clark's claim is not a claim for refund but rather a claim for a replacement check.[2] The procedural posture of this case dictates that this particular claim for the reissuance of the refund check be dismissed without prejudice to allow the Financial Management Service the opportunity to determine whether a replacement check should be issued before any claim can proceed against the United States based upon the failure to issue a replacement check.

filed a motion pursuant to Rule 56. Therefore, the court cannot properly rule at this time upon the argument that the Plaintiff has failed to state a claim upon which relief can be granted.

2. The Fifth Circuit in *Your Ins. Needs Agency Inc. v. U.S.*, 274 F.3d 1001 (5th Cir.2001) discussed the above procedures in seeking such a replacement check and whether such a claim was a claim for a refund or merely claim for a replacement check. The court noted that because the one year period prescribed by 31 U.S.C. § 3702(c)(1) had passed the only issue that remained was whether the claim could be couched as a claim for a refund under 26 U.S.C. § 7422(a). 274 F.3d at 1005. The Fifth Circuit determined that when the Government issues a timely refund check and mailed the check to the address on the return it has fulfilled its obligations under the Internal Revenue Service regulations. *Id.* at 1006. Thus, no refund for any tax overpayment remained owing despite the fact that the checks were stolen and forged. *Id.* Here Clark has not asserted in his complaint that the Government did not issue a refund check to the address listed on his tax return. Exhibit F attached to his tort claim notice lists a Lafayette, Indiana address as the mailing address for the refund check in question. Clark does not refute in any of his submissions that this in fact was not the mailing address on his 1998 tax return. Rather, much like *Your Ins. Needs Agency Inc.*, his claim is that the check was negotiated by a family member without his permission. (P's Notice of Tort Claim at ¶ 9).

Next, Clark contends that the United States, in particular the Internal Revenue Service, has engaged in various tortious acts in refusing to replace his refund check. His theory for recovery is based upon the FTCA and Section 7433 of Title 26.

The FTCA provides the basis to bring a tort claim against the United States. See 28 U.S.C. §§ 1346(b); 2671 *et seq.* 28 U.S.C. § 2680(c) provides that claims "arising in respect of the assessment or collection of... tax[es]" are not subject to the FTCA's waiver of sovereign immunity. *Aetna Cas. & Sur. Co. v. U.S.,* 71 F.3d 475, 477 (2nd Cir.1995). In *Aetna,* the court rejected the argument that the payment of a refund did not fall within the definition of a claim for the assessment or collection of taxes. *Aetna Cas. & Sur. Co.,* 71 F.3d at 478 (citing numerous cases). Therefore, the court finds that any claim based upon the FTCA with respect to the payment of refunds is barred under Section 2680(c) and as such those claims are dismissed pursuant to the United States' motion to dismiss pursuant to Rule 12(b)(1).

Next, Clark asserts, attempting to bypass the sovereign immunity pitfall, that the United States is liable for damages under 26 U.S.C. § 7433 (West 2001). Section 7433 provides for civil damages "[i]f, in connection with any collection of Federal tax ... the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." 26 U.S.C. § 7433

In light of the exception to the United States immunity from suit created under section 7433, this court must construe claims based upon an alleged unauthorized collection action narrowly. See *Shaw v. United States,* 20 F.3d 182 (5th Cir.), cert. denied, 513 U.S. 1041, 115 S.Ct. 635, 130 L.Ed.2d 540 (1994)(claim for damages based upon an erroneous assessment did not fall within the concept of improper collection practices); see also *Allied/Royal Parking v. United States,* 166 F.3d 1000, 1003 (9th Cir.1999) (waiver of sovereign immunity in § 7433 must be construed narrowly). As stated previously, Clark's claim is for a replacement check under 31 U.S.C. § 3343 and therefore his claim does not arise under Title 26 or the accompanying regulations of the Internal Revenue Code. On this basis alone any claim under section 7433 must be denied upon the submissions thus far under the clear statutory language which provides that damages must be based upon "any provision of this title, or any regulation promulgated under this title." See 26 U.S.C. § 7433. A close examination of Clark's tort claim notice and his amended notice affirms this conclusion. Paragraphs 11,12,13 and 14 deal directly with his inability to receive a replacement check under Title 31 Section 3343. (See P's Tort Claim Notice). Moreover, his amended tort claim notice reconfirms this position "plaintiff's complaint is grounded in 31 U.S.C. 3343, 31 U.S.C. 3712, 31 U.S.C. 3331, and the IRS intentionally disregarded these statutory provisions." (Amend Tort Claim Notice at ¶ 3(c)). Simply put, Clark has failed to point to a single provision of Title 26 or any of its accompanying regulations that the Internal Revenue Service disregarded.

Notwithstanding the above discussion, the court cannot dismiss the claim under Section 7433 based upon the present motion to dismiss. That motion is based upon this court's lack of subject matter jurisdiction. Under section 7433, the statutory language clearly provides that this court does have jurisdiction over such a claim. See 26 U.S.C. § 7433(a). Therefore, a claim under Section 7433 must be

disposed under either a Rule 12(b)(6), Rule 12(c) or Rule 56 motion.

The Seventh Circuit has repeatedly cautioned the district courts to tread carefully in dismissing claims sua sponte. *Frey v. Environmental Protection Agency,* 270 F.3d 1129, 1132 (7th Cir.2001); *Joyce v. Joyce,* 975 F.2d 379, 386 (7th Cir.1992); see also *Shockley v. Jones,* 823 F.2d 1068 (7th Cir.1987). Therefore, the court will afford the United States the opportunity to file a dispositive motion consistent with this opinion and with the appropriate *pro se* notifications under *Timms v. Frank,* 953 F.2d 281, 286 (7th Cir.1992).

### III. CONCLUSION

For the foregoing reasons the Plaintiff's claim pursuant to 31 U.S.C. § 3343 is **DISMISSED** for failure to exhaust his administrative remedy, Plaintiff's claim pursuant to the Federal Tort Claims Act; 28 U.S.C. §§ 1346(b); 2671 *et seq.* is **DISMISSED** for lack of subject matter jurisdiction. Therefore, the Plaintiff's claim pursuant to 26 U.S.C. § 7433 remains. **IT IS SO ORDERED.**