

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2006

# Asemani v. IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4144

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation
"Asemani v. IRS" (2006). *2006 Decisions.* Paper 1783.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1783

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4144
_____

BILLY G. ASEMANI,

Appellant

v.

INTERNAL REVENUE SERVICE
_____

On Appeal From the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-00846)
District Judge: Honorable William J. Nealon
_____

Submitted Under Third Circuit LAR 34.1(a)
November 14, 2005

BEFORE: McKEE, FUENTES and NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed:  January 6, 2006)

_____

OPINION
_____

PER CURIAM

Pro se appellant Billy G. Asemani appeals an order of the United States District

Court for the Middle District of Pennsylvania dismissing his complaint seeking judicial

review of the Internal Revenue Service's ("IRS") denial of a stand-alone offer-in-

compromise that was tendered under circumstances where the IRS had neither issued a levy notice nor commenced collection proceedings. We will affirm.

In August 2001, Asemani submitted an offer-in-compromise on IRS Form 656 attempting to settle his outstanding liabilities for tax years 1997 and 1998, that were estimated to exceed $500,000. In the offer, Asemani represented that there was "doubt as to collectability," because his imprisonment rendered him financially unable to pay the total amount owed but that he could offer $20,000 in satisfaction of his obligations for tax years 1997 and 1998. The IRS rejected the offer-in-compromise, finding that although circumstances rendered Asemani temporarily unable to pay, ultimately he would be capable of paying the entire obligation especially if he remained in the United States.[1] Asemani's administrative appeal was denied. Asemani then sought review of the IRS's denial of his offer-in-compromise in the District Court. He alleged that the IRS's denial of the offer-in-compromise was an abuse of discretion because it was based on the erroneous conclusion that he had an ability to pay.

The Government moved to dismiss the complaint for lack of subject matter jurisdiction, claiming that Asemani's only recourse in obtaining judicial review of the denial of the offer-in-compromise was in the context of a collection due process ("CDP") proceeding pursuant to 26 U.S.C. §§ 6330(c)(2)(iii) and 6320(c). The Government

---

[1] Asemani, a native of Iran, became a legal permanent resident of the United States in 1994. Upon his voluntary return from Iran in 2000, Asemani pled guilty to federal criminal charges relating to fraud in his dentistry practice and was sentenced by a federal district court in Mississippi to thirty months in prison.

2

argued that because the offer-in-compromise was made before the IRS issued a notice of levy to collect on Asemani's tax liabilities pursuant to §§ 6330 and 6320, and because no CDP proceeding had commenced, the District Court lacked jurisdiction to review the administrative denial of Asemani's offer. Asemani responded, claiming that jurisdiction existed because sovereign immunity was waived in his case pursuant to the Administrative Procedures Act, 5 U.S.C. § 701, et seq., and the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. In the alternative, Asemani sought mandamus relief seeking an order compelling the IRS to reverse its denial of the offer-in-compromise.

The District Court granted the Government's motion and dismissed the complaint. The District Court held that the IRS's denial of Asemani's premature submission of an offer-in-compromise, where no collection proceedings under §§ 6330(c) and 6620(c) had commenced, was not subject to judicial review. The District Court rejected Asemani's contention that jurisdiction existed under the APA because the APA was not an independent source of jurisdiction and because the APA did not apply to the IRS's discretionary action in denying Asemani's offer. As for the Federal Tort Claims Act ("FTCA"), the District Court found that 28 U.S.C. § 2680(c) expressly provides that the waiver of sovereign immunity does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax...," and thus the waiver of sovereign immunity did not apply to Asemani's offer to settle the collection of unpaid taxes for years 1997 and 1998. Finally, the District Court denied mandamus relief because Asemani had no clear and indisputable right to settle his tax liability. Asemani timely appealed.

3

We have jurisdiction pursuant to 26 U.S.C. § 7482(a). The standard of review is plenary where the District Court dismisses for lack of subject matter jurisdiction. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). We will affirm for substantially the same reasons set forth in the District Court's opinion.

Asemani does not quibble with the extent of judicial review provided under the Internal Revenue Code, §§ 6330(c) and 6320(c). According to Asemani, however, the Code's silence with respect to judicial review of the IRS's denial of offers-in-compromise made in advance of any collection action taken by the IRS pursuant to §§ 6330 and 6320, should not be construed as prohibiting judicial review by the district court, but rather as allowing it. Asemani is wrong.

The IRS possesses the discretionary authority to accept or reject a compromise offer for the payment of unpaid taxes before or after it issues a notice of levy pursuant to § 6330. See 26 U.S.C. § 7122. In cases like Asemani's, where the offer-in-compromise is made prior to the commencement of CDP proceedings, the Internal Revenue Code expressly provides "for an independent administrative review of any rejection of a proposed offer in compromise or installment agreement made by a taxpayer under this section...," allowing the taxpayer "to appeal any rejection of such offer or agreement to the Internal Revenue Service Office of Appeals." § 7122(d). There is no provision for judicial review in district court under § 7122. As the District Court correctly found, the Code provides for judicial review only in instances where an offer-in-compromise has been tendered in the context of CDP proceedings. Specifically, § 6330(d) provides for an

4

appeal to the Tax Court or, if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States. Because the Code does not provide for judicial review of the IRS's denial of Asemani's offer-in-compromise under § 7122, the District Court lacked jurisdiction to consider it.

With respect to the tax exemption to waiver of sovereign immunity under the FTCA, Asemani asserts that the absence of CDP proceedings against him means that his offer-in-compromise cannot be viewed as a claim "arising in respect to the assessment or collection of any tax" under 28 U.S.C. § 2680(c). Specifically, he contends that § 2680(c) is inapplicable in his case because he is not challenging the assessment of tax liability for tax years 1997 and 1998, nor is he contesting the "collection" of monies owed. We disagree. The offer-in-compromise to settle the payment of unpaid taxes due to "doubt as to collectability," is in respect of the collection of taxes owed. See e.g., Aetna v. Casualty & Surety Co. v. United States, 71 F.3d 475, 478 (2d Cir. 1995) (explaining that § 2860(c) covers "claims arising out of the operation of the government's mechanism for assessing and collecting taxes"). Moreover, the fact that Asemani decided to submit an offer-in-compromise before CDP proceedings commenced against him does not make his offer to settle the payment of unpaid taxes any less connected with "collection of any taxes" under § 2680(c). We agree with the District Court that suit is barred under the FTCA.

Finally, to the extent that Asemani sought a declaration that the offer in compromise was reasonable and requested an order directing the IRS to accept the offer, we agree with the Government that such relief is barred by the Anti-Injunction Act, I.R.C.

5

§ 7421(a), and the tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Moreover, because the Anti-Injunction Act and the Declaratory Judgment Act both preclude the relief Asemani seeks, the Administrative Procedures Act, 5 U.S.C. § 701(a), does not confer jurisdiction to review Asemani's case.

We have thoroughly reviewed the remaining arguments Asemani makes on appeal and find them to be meritless.  Accordingly, we will affirm the judgment of the District Court.

6