19-3379-cv
*Bernholz v. IRS*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty.

Present:
> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

---

RICHARD BERNHOLZ,

> *Plaintiff-Appellant*,

v.                                                                          19-3379-cv

UNITED STATES INTERNAL REVENUE SERVICE,

> *Defendant-Appellee*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | PAUL S. VOLK, Blodgett, Watts & Volk, P.C., Burlington, VT |
| For Defendant-Appellee: | IVAN C. DALE (Thomas J. Clark, *on the brief*), Tax Division, U.S. Department of Justice, *for* Richard E. Zuckerman, Principal Deputy Assistant Attorney General, Washington, DC |

1

Appeal from a judgment of the United States District Court for the District of Vermont (Crawford, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Richard Bernholz ("Bernholz") appeals from a September 25, 2019 judgment of the United States District Court for the District of Vermont (Crawford, *C.J.*), granting the motion of Defendant-Appellee, United States Internal Revenue Service ("IRS"), to dismiss Bernholz's complaint (the "Complaint") for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Bernholz brought the underlying action pursuant to the Federal Tort Claims Act ("FTCA") and state law, alleging that the IRS engaged in negligent and grossly negligent conduct following Bernholz's payment of nearly $10,000 in past taxes, interest, and penalties as a negotiated condition of a 2013 plea agreement. The Complaint alleges that the IRS erroneously sent him tax refund checks in each of the three years following his satisfaction of this negotiated tax liability. It further alleges that some time after Bernholz attempted to address the erroneous refunds with the IRS, he received "a myriad of statements and notices from [the] IRS indicating that he owed thousands of dollars in unpaid taxes, fines, and penalties." J.A. 5–6. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*      \*      \*

We review a district court's dismissal of a complaint pursuant to Rule 12(b)(1) *de novo*, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). The plaintiff, however, must allege facts sufficient to establish subject matter jurisdiction. *See Broidy*

*Capital Mgmt. LLC v. Benomar*, 944 F.3d 436, 439 (2d Cir. 2019); *see also Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017). In resolving the jurisdictional inquiry, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also Block v. North Dakota*, 461 U.S. 273, 287 (1983). The same limits apply in actions against federal agencies or federal officers in their official capacities. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). Congress may waive the federal government's sovereign immunity, but any "waiver . . . must be unequivocally expressed in statutory text," *Lane v. Pena*, 518 U.S. 187, 192 (1996), and we must "constru[e] ambiguities in favor of immunity," *United States v. Williams*, 514 U.S. 527, 531 (1995).

When it enacted the FTCA, Congress explicitly waived the federal government's sovereign immunity, *see* 28 U.S.C. § 2674, in connection with certain "claims against the United States . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," *id.* § 1346(b)(1); *see also Kosak v. United States*, 465 U.S. 848, 851–52 (1984). But the FTCA's "broad waiver of sovereign immunity is . . . subject to 13 enumerated exceptions," *Kosak*, 465 U.S. at 852, including one that preserves the government's immunity in connection with "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty," 28 U.S.C. § 2680(c). Both the Supreme Court and our Circuit have construed this exception broadly. *See, e.g.*, *Kosak*, 465 U.S. at 854; *Aetna Cas. & Sur. Co. v. United States*, 71 F.3d 475, 478 (2d Cir. 1995). In *Weiner v. IRS*, we held that § 2680(c) bars tort claims related to "erroneous and improperly executed [tax] levies." 986 F.2d 12, 12 (2d Cir. 1993) (per curiam). In *Aetna*, we held that it also bars claims related to the payment of tax refunds. 71 F.3d at 478.

Citing *Weiner* and *Aetna*, the district court held that Bernholz's claims arise out of the assessment or collection of a tax and therefore may not proceed in an action under the FTCA. On appeal, Bernholz argues that the district court's reliance on this "factually inapposite" precedent was error. Appellant's Br. at 13. He contends that the conduct alleged in the Complaint could not have arisen from the assessment or collection of a tax because the IRS had negotiated and collected the amount of Bernholz's tax liability prior to issuing the erroneous refunds and delinquency notices. In other words, Bernholz argues that since he no longer owed the tax in question, the IRS's mistaken attempts to collect or refund it could not "aris[e] in respect of" its assessment or collection. We disagree. As we explained in *Aetna*, "[w]e understand the § 2680(c) exception to cover claims arising out of the operation of the government's *mechanism* for assessing and collecting taxes."[1] 71 F.3d at 478 (emphasis added). That mechanism includes attempts to collect tax deficiencies that have already been satisfied, s*ee Weiner*, 986 F.2d at 12,[2] as well as the misdirection of tax refunds, *see Aetna*, 71 F.3d at 478.[3] The district court therefore correctly concluded that it lacked subject matter jurisdiction over Bernholz's claims under § 2680(c).[4]

---

[1] For this proposition, *Aetna* cited, *inter alia*, *Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 307 (5th Cir. 1985) ("[The § 2680(c) exemption] specifically applies to *all* tax-related claims.").

[2] The taxpayer in *Weiner*, like Bernholz, pleaded that "the levy [was] unauthorized because [she] had in fact paid the tax deficiency." *Weiner v. Internal Revenue Serv.—Collections Div.*, 789 F. Supp. 655, 656 (S.D.N.Y. 1992).

[3] In *Aetna*, the alleged tortious conduct was the failure to offset a portion of one taxpayer's refund for the benefit of another. 71 F.3d at 477. For purposes of interpreting § 2680(c), we discern no distinction between the failure to issue a refund where one is due and the affirmative issuance of a refund where one is not. Both constitute failures in "the operation of the government's mechanism for . . . the payment of refunds when due." *Id.* at 478.

[4] Bernholz also argues that in determining that the IRS's alleged conduct amounted to acts involving the assessment and collection of taxes, the district court erroneously failed to accept the facts pleaded in the Complaint. In particular, he claims that the district court "ignored" his allegations that the IRS was involved in his plea negotiations and that Bernholz had paid the entire

4

We have considered Bernholz's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

amount owed prior to the IRS's allegedly tortious conduct. But nothing in the district court's decision suggests that it did anything less than "accept the complaint's material allegations as true." J.A. 37 (quoting *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017)). Having done so, it had no obligation to accept Bernholz's conclusion that those allegations described activity outside the scope of the § 2680(c) exemption. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (internal quotation marks omitted)).