**In re Richard D. LOWTHORP, and Anita A. Lowthorp, Debtors.**

**No. 9:03–bk–9117–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Oct. 27, 2005.

Edward R. Miller, Miller and Hollander, Naples, FL, for Debtors.

***ORDER DETERMINING THE APPRO-PRIATE SANCTIONS AGAINST THE IRS FOR VIOLATING THE DISCHARGE INJUNCTION***

(Doc. No. 73)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER before the Court in this Chapter 13 case of Richard D. and Anita A. Lowthrop (the Debtors) is the determination of the appropriate sanctions against the Internal Revenue Service (the IRS) for violating the discharge injunction of 11 U.S.C. § 524. This Court has determined that the IRS did violate the discharge injunction, and now must determine the appropriate sanction amount.

The Debtors filed a Motion for Order to Show Cause (Doc. No. 61) seeking an or-

der directing the IRS to appear before this Court to show cause if it has violated, and why it should not be sanctioned for violating, the discharge injunction granted by the Order of Confirmation of the Debtors' Chapter 13 Plan (Doc. No. 21). This Court subsequently entered an Order to Show Cause (Doc. No. 64).

In response to the Debtor's Motion, the IRS filed its response in a Motion to Discharge Order to Show Cause and/or for Summary Judgment (Doc. No. 69). The matter came before this Court on Motions for Summary Judgment filed by the both parties, who each contended that there are no genuine issues of material fact and they are entitled to a judgment in their favor. Specifically, the IRS argued that since their debt was not scheduled and they never filed a claim in the case, their debt was not discharged.

In due course, this Court heard the Motions for Summary Judgment and, having reviewed the record of this Chapter 13 case and having considered the argument by the parties in support of and in opposition to the Motions for Summary Judgment, concluded that in fact there were no genuine issues of material fact and entered an Order Granting Motion for Summary Judgment (Doc. No. 73). This Court held that, under the controlling authorities, an unfiled claim is discharged in a Chapter 13 case, even though the Plan made no reference to the claim. Accordingly, in his particular instance the 100% assessment by the IRS pursuant to 26 U.S.C. § 6672 has been discharged and therefore the actions of the IRS were a violation of the discharge injunction provided for by Section 524(a)(2) of the Code. This Court held that this violation warranted a finding that the IRS was in contempt of this Court and would justify the imposition of sanctions.

Based on the foregoing, this Court entered an order scheduling a final evidentiary hearing to determine the appropriate sanctions to be imposed upon the IRS. This is precisely the matter presently before this Court, which involves a detailed submission by counsel for the Debtors for the amount of sanctions to be imposed. It is the Debtors' contention that they are entitled to recover as damages: an overdraft fee charged by Bank of America, N.A. in the amount of $216.00 (the Overdraft Fee), which resulted from the bank freezing the Debtors' account when it received the IRS Notice of Assessment, creating the overdraft situation; the Debtors' social security benefits, in the amount of $325.20, which were seized by the IRS; the cost of depositions, in the amount of $472.45; and attorneys fees in the amount of $18,497.50. The total amount of sanctions sought by the Debtors is $19,521.35.

Counsel for the IRS concedes that the claim for the social security funds and the cost of depositions are proper but vigorously opposes any allowance for the bank overdraft damage claim and the attorney fees. In any event, counsel argues, even if attorneys fees are allowed, the amount cannot be more than $7,280.00, which is based on the hourly rate determined by the Equal Access Justice Act and the corresponding provision of the Internal Revenue Code, which is not more than $160.00 per hour.

The primary thrust of the IRS' argument against the allowance of sanctions is based on the proposition that by virtue of 26 USC § 7433(d)(1) which provides that judgment for damages shall not be awarded unless the court determines that the taxpayer exhausted the administrative remedies available to such person within the IRS. In support of this proposition, counsel for the IRS points out in the present instance the Debtors did not make an administrative claim with the insolvency unit of the IRS in Ft. Lauderdale, Florida

although they made such a request with the service center which of course had no jurisdiction to deal with this matter. In addition, counsel for the IRS contends that the IRS's position was justified because the legal question involved was not clear and there were authorities to support of the proposition that a claim not provided for in the Chapter 13 plan is not discharged, citing *Crites v. Oregon ex rel. Roberts (In re Crites)*, 201 B.R. 277 (Bankr.D.Or.1996); *In re Dunn*, 83 B.R. 694 (Bankr.D.Neb.1988). Moreover, counsel for the IRS contends that the failure of the Debtors to comply with the requirement to properly exhaust their administrative remedies and make their claim in the proper place would have eliminated the problem and would have prevented the litigation currently before this Court.

■■■■■ This Court can sanction the IRS for violating the discharge injunction. Although there is no specific provision for damages under 11 U.S.C. § 524, as opposed to 11 U.S.C. § 362(h), this Court may impose sanctions under § 105. *Hardy v. United States (In re Hardy)*, 97 F.3d 1384 (11th Cir.1996). Congress has specifically waived sovereign immunity for this type of contempt sanctions. 11 U.S.C. § 106. There are limits on the amount that may be awarded as sanctions for contempt. The sanctions for contempt must be coercive and not punitive. *Hardy*, 97 F.3d at 1390. A sanctions award may include an award of attorney fees, provided it is consistent with the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(A), and appropriate nonbankruptcy law, including 26 U.S.C. § 7430. 11 U.S.C. § 106; *Hardy*, 97 F.3d at 1390.

Section 7433(e) of the Internal Revenue Code was added in 1998 by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub.L. No. 105–206, 112 Stat. 685 (1998), after the decision in Hardy was rendered. As such, Hardy did not consider Section 7433(e); however, this Court is satisfied that this subsection falls under the category of "appropriate nonbankruptcy law" identified by Hardy. Section 7433(e) reads:

(e) Actions for violations of certain bankruptcy procedures

(1) In general

If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, such taxpayer may petition the bankruptcy court to recover damages against the United States.

(2) Remedy to be exclusive

(A) In general

Except as provided in subparagraph (B), notwithstanding section 105 of such title 11, such petition shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433.

■■■■■ To be compensable, a violation of the discharge injunction must be willful. In the Order Granting Summary Judgment, there is no direct finding that the violation of the discharge injunction was willful; however, that was the Debtor's contention, and it was not disputed. Additionally, the standard for a "willful" violation is a two-pronged test, under which a party is in contempt if it "(1) knew that the [discharge injunction] was invoked and (2) intended the actions which violated the [injunction]." *Hardy*, 97 F.3d at 1390, citing *Jove Eng'g, Inc. v. Internal Revenue Serv.*, 92 F.3d 1539, 1555 (11th Cir.1996).

This Court has no difficulty finding that the IRS violation was willful.

█ Aggrieved taxpayers may file a civil action for damages for willful violations of the discharge injunction. 26 U.S.C. § 7433. However, 26 U.S.C. § 7433(e) specifically provides that, notwithstanding 11 U.S.C. § 105, petitioning the bankruptcy court is the exclusive remedy for recovering damages for willful violations of 11 U.S.C. §§ 362 and 524.

█ The parties dispute the meaning of this subsection, specifically what the term "exclusive" remedy entails (i.e., whether a petition to the bankruptcy court is to the exclusion of administrative actions, or possibly to the exclusion of an action in the district court). A damages award in a petition filed under subsection (e) of 26 U.S.C. § 7433, is limited to the amount and types of damages listed in 26 U.S.C. § 7433(b). Additionally, a judgment for damages under subsection (b) shall not be awarded unless the plaintiff has exhausted all available administrative remedies. 26 U.S.C. § 7433(d). However, while the general provisions of 26 U.S.C. § 7433 require the plaintiff to exhaust all administrative remedies, the specific subsection dealing with bankruptcy violations does not specifically reference this requirement. Indeed, a petition in the bankruptcy court is the exclusive remedy available to the plaintiff. However, subsection (b) applies to actions under subsection (a) or petitions under subsection (e), and a judgment for damages under subsection (b) is limited by subsection (d). A petition to the bankruptcy court is the exclusive remedy, but is only available after the debtor exhausts its administrative remedies.

The regulations clearly state that the exhaustion of administrative remedies applies to petitions filed in a bankruptcy court under subsection (e). With one exception not relevant here, "no action under paragraph (a)(1) of this section shall be maintained in any bankruptcy court before the earlier of" either the date the decision is rendered on the claim or six months after the claim is filed. Treas. Reg. § 301.7433–2(d)(1). See also, Treas. Reg. § 301.7433–2(h)(1) (providing for a recovery of litigation costs under § 7430, provided the petition is filed "following the [IRS'] denial of an administrative claim for damages".). Taxpayers are given specific procedures for filing an administrative claim. Treas. Reg. § 301.7433–2(e).

█ This Court is satisfied that while the bankruptcy court is the proper and exclusive venue to consider bankruptcy violations, the Debtors were required to first exhaust their administrative remedies, and the failure to do so is a bar to recovery in this case. *In re Graycarr, Inc.*, 330 B.R. 741, 746–47 (Bankr.W.D.Ark.2005). Contra *In re Graham*, No. 99–26549–DHA, 2003 WL 21224773, at *2 (Bankr.E.D.Va. 2003).

█ Moreover, although a debtor can recover, under 26 U.S.C. § 7433, its actual, direct economic damages and the costs of the action, attorney fees are not recoverable under § 7433. *Graham*, at *2. Attorney fees are not recoverable as costs of the action, Treas. Reg. § 301.7433–1(b)(2)(i), nor are attorney fees recoverable as actual, direct economic damages. Treas. Reg. § 301.7433–2(b)(2). The regulations do provide that litigation costs may be recoverable under 26 U.S.C. § 7430.

However, 26 U.S.C. § 7430 also contains a limitation requiring the plaintiff to exhaust its administrative remedies before it may recover under that section. 26 U.S.C. § 7430(b)(1). The treasury regulations give specific procedures for making an administrative claim when the IRS violates the discharge injunction. Treas. Reg. § 301.7430–1(e); see *In re Rivera Torres,*

309 B.R. 643, 652 (1st Cir. BAP 2004) (finding that debtor exhausted its administrative remedies where, prior to promulgation of the current regulations, the taxpayer attempted to contact the IRS). There is no evidence in the record that the Debtors complied with the specific requirements for filing an administrative claim. This Court is satisfied that the Debtors cannot recover their attorney fees from the IRS as part of a sanctions award.

Based on the foregoing, this Court is satisfied that the IRS willfully violated the discharge injunction, and is thus in civil contempt of this Court. As sanctions for the contempt, the IRS must return the Debtors' social security benefits, in the amount of $325.20, which were seized by the IRS. Because the Debtors did not exhaust their administrative remedies, that is the extent to which they can recover from the IRS.

Accordingly, it is

ORDERED, ADJUDGED and DECREED that the Internal Revenue Service pay the amount of $325,20 to the Debtors, Richard D. and Anita A. Lowthrop within 30 days after the entry of this Order.