**Nancy Ellen KOVACS, Appellant–Cross Appellee,**

v.

**UNITED STATES of America, Appellee–Cross Appellant.**

Nos. 07–CV–1064, 07–CV–1069.

United States District Court, E.D. Wisconsin.

June 2, 2008.

822

## ORDER

J.P. STADTMUELLER, District Judge.

This matter comes before the court on an appeal brought by Nancy Kovacs challenging an order of United States Bankruptcy Judge James Shapiro in a proceeding pursuant to 28 U.S.C. § 157. The United States cross-appealed arguing the bankruptcy court lacked jurisdiction to entertain the proceeding. For the reasons set forth below, the court will vacate the bankruptcy court's order and remand the case with directions consistent with this order.

## STANDARD OF REVIEW

■ Pursuant to Section 158 of Title 28 of the United States Code, this court has subject matter jurisdiction over the Trustee's appeal from the bankruptcy court. 28 U.S.C. § 158(a)(1) (authorizing a district court's review of "final judgments, orders and decrees" issued by the bankruptcy court). In an appeal from a bankruptcy court's judgment, a district court applies two standards of review: one for findings of fact; the other for conclusions of law. *Morter v. Farm Credit Services,* 110 B.R. 390, 392 (N.D.Ind.1990). The bankruptcy court's factual findings are reviewed for clear error. *Dye v. United States,* 360 F.3d 744, 747 (7th Cir.2004). When a bankruptcy court's legal conclusions are challenged, the district court must make a *de novo* review. *In re Robert Sheridan,* 57 F.3d 627, 633 (7th Cir.1995).

## BACKGROUND

On September 3, 1996, Kovacs and the Internal Revenue Service (IRS) entered into an offer in compromise (OIC) resolving Kovacs' tax liabilities for the years 1990, 1991, 1993, 1994, and 1995. As part of the OIC, Kovacs promised to timely file her tax returns and pay all taxes due for the five years following the 1996 OIC. Kovacs was unable to pay her federal taxes for the 1999 filing year, and, on September 13, 2000, the IRS informed her that she had defaulted under the terms of the OIC and failing to pay the 1999 taxes could result in termination of the OIC. On January 29, 2001, the IRS sent a subsequent letter informing Kovacs that the OIC was terminated immediately due to her failure to pay the 1999 taxes, and that any outstanding unpaid taxes for the years covered in the OIC were reinstated.

On July 3, 2001, Kovacs filed a petition in bankruptcy court under Chapter 7. She

received a bankruptcy discharge on October 10, 2001, and on February 26, 2002, her bankruptcy case was closed. During the pendency of Kovacs' 2001 bankruptcy case, the IRS notified Kovacs that $300 from her tax refund was applied to her outstanding tax liabilities from 1991.

On March 5, 2002, Kovacs wrote to the IRS and sought to reinstate the terminated 1996 OIC. At this time, Kovacs also informed the IRS of her bankruptcy petition, filed in July 2001, and she further informed the IRS she received a bankruptcy discharge in October 2001. Also in March of 2002, Kovacs sought legal counsel to assist her with her income tax problems stemming from the terminated 1996 OIC.

Her attorney initiated discussions with the IRS and sought to reinstate the 1996 OIC. During these negotiations, the IRS sent Kovacs a series of notices of intent to levy on Kovacs' assets due to her outstanding tax liabilities, which the IRS assessed as totaling over $154,000. In January 2003, the IRS informed Kovacs that it rejected her July 8, 2002 OIC. Kovacs appealed this determination and, on August 14, 2003, the IRS sent a letter to Kovacs informing her that her tax liabilities for 1990, 1991, 1993, 1994, and 1995 were dischargeable debts, but the tax liability for 1999 was not a dischargeable debt. However, the non-discharged 1999 tax liability was satisfied by transferring her 2001 tax refund from the discharged 1990 tax.

On January 19, 2005, Kovacs filed an administrative claim with the IRS requesting damages in the amount of $11,822.94. The IRS did not respond to this claim, and on August 11, 2005, Kovacs filed an adversary proceeding in bankruptcy court for damages in an unspecified amount. Prior to a trial before the bankruptcy court to assess the amount of damages, the IRS conceded that it willfully violated 11 U.S.C. § 524(a) of the Bankruptcy Code when it attempted to collect discharged tax debts. The court found that the aggregate amount of attorneys' fees was $71,901.37, but pursuant (in part) to an analysis of 26 U.S.C. §§ 7430 and 7433 of the IRS code, the court determined that the IRS would only be liable for $25,000 of this sum.

Both parties appealed this judgment. Kovacs argues that §§ 7430 and 7433 must be analyzed independently, and that the bankruptcy court further abused its discretion in reducing her damages. In a cross appeal, the United States argues that the bankruptcy court did not have jurisdiction to entertain the proceeding; alternatively, the United States argues that if the bankruptcy court had jurisdiction over the action, the court did not unreasonably reduce the award of attorney's fees.

## ANALYSIS

### I. Sovereign Immunity

Bankruptcy courts may sanction the IRS for willful violation of discharge injunction under § 524. Section 524 "operates as an injunction against the commencement or continuation of an action" against a debtor, and this injunction similarly protects the debtor from attempted collections by the IRS on their debts discharged under § 524. 11 U.S.C. § 524(a). Although there is no specific damages remedy in this section, Congress has "conditionally waived sovereign immunity" for the IRS's willful violations of these discharges and a taxpayer may petition the bankruptcy court for damages. *Kuhl v. United States*, 467 F.3d 145, 147 (2nd Cir. 2006).

Sections 7430 and 7433 of the Internal Revenue Code provide for damages provisions in connection with willful § 524 violations, subject to certain limitations. Sec-

tion 7430 allows for a prevailing party to recover "reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and reasonable litigation costs incurred in connection with such court proceeding." 26 U.S.C. § 7430(a). The statute limits awards and requires that a prevailing party's administrative remedies be exhausted, that only costs allocable to the United States be recovered, that the costs be denied where a prevailing protracts the proceedings, and finally, the prevailing party must file "an application with the Internal Revenue Service for such costs before the 91st day after the date on which the final decision of the Internal Revenue Service as to the determination of the tax, interest, or penalty is mailed to such party." *Id.* § 7430(b). Section 7433 provides for recovery of "actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee [ ]and the costs of the action." 26 U.S.C. § 7433(b). Section 7433(e) discusses actions under this section in bankruptcy court, and specifically provides that:

> in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, such taxpayer may petition the bankruptcy court to recover damages against the United States.

§ 7433(e). This section also provides for a limitations section in reference to the damages, which requires that a claimant: (1) exhaust her administrative remedies; (2) mitigate her damages; and (3) bring her claim "within 2 years after the date the right of action accrues." § 7433(d).

■■■ In denying the government's motion to dismiss for want of jurisdiction, the bankruptcy court rejected the government's claim that Kovacs was required to follow the procedural requirements of §§ 7430 and 7433 to recover damages. The court held that it was not governed by the two-year statute of limitations set forth in § 7433 and that this limitation was only applicable to administrative proceedings before the IRS. (October 30, 2006 Transcript of Proceedings 9–11.)

■■■ Because each of these statutes allow for monetary recovery from the United States, the statutes implicate the government's sovereign immunity. The United States is immune from suit unless it consents to be sued. *Price v. United States,* 42 F.3d 1068, 1071 (7th Cir.1994). Further, the terms of the consent will define a court's jurisdiction, and "any waiver of sovereign immunity must be explicit and will be strictly construed." *Raulerson v. United States,* 786 F.2d 1090, 1091 (11 th Cir.1986). Stated another way, waivers of sovereign immunity are jurisdictional, and the government's consent to suit is a prerequisite for a court's exercise of jurisdiction. *See Edwards v. U.S. Dep't. of Justice,* 43 F.3d 312, 317 (7th Cir.1994) (noting " '[w]aiver of sovereign immunity is a jurisdictional prerequisite in the nature of ... subject matter jurisdiction, in that unless sovereign immunity be waived, there may be no consideration of the subject matter' ") (quoting *J.C. Driskill, Inc. v. Abdnor,* 901 F.2d 383, 385 n. 4 (4th Cir.1990).)

Many bankruptcy courts have consistently recognized that waivers of immunity in §§ 7430 and 7433 will deprive them of jurisdiction if the plaintiff did not comport with the requirements set forth in the statutes. Courts analyzing § 7430 have

held that Congress' waiver of the government's sovereign immunity must be strictly construed, and "a party seeking attorney's fees and costs under § 7430 must strictly comply with the statutory requirements." *In re Klauer*, 362 B.R. 31, 34 (Bankr.M.D.Fla.2006). Therefore, a petition for awards under § 7430 would require that a party comport with the statutory requirements by: (1) exhausting their administrative remedies; (2) petitioning only for costs allocable to the government; (3) demonstrating that they have not protracted the proceedings; and (4) filing within the time limit. *See id.; see also* 26 U.S.C. § 7430.

Similarly, courts discussing actions seeking damages under § 7433(e) have held that this section also requires claimants to strictly comply with the statutory requirements. *In re Lowthorp*, 332 B.R. 656, 660 (Bankr.M.D.Fla.2005). Failure to do results in the court having no subject matter jurisdiction to consider the claim. *See In re Graycarr, Inc.*, 330 B.R. 741, 747 (Bankr.W.D.Ark.2005). In contrast, one court found that because § 7433(e) specifically relates to bankruptcy proceedings, complying with the administrative requirements is unnecessary and does not deprive a court of jurisdiction. *In re Graham*, 2003 WL 21224773 (Bankr.E.D.Va.2003). However, this court finds that the *Graham* court failed to properly consider the Treasury Regulations, which clearly state that petitions filed under subsection (e) of § 7433 must comply with the administrative requirements. See 26 C.F.R. § 301.7433–2(d). Accordingly, this court does not find the holding in *Graham* to be persuasive and finds that the other courts considering this issue properly held that actions for damages pursuant to § 7433(e) must strictly comply with the statutory requirements to be eligible for relief and monetary judgments against the United States. The United States expressly sets

forth the terms of its consent to waive sovereign immunity and allow suit; failure to strictly comply with the statutory requirements of §§ 7430 and 7433 deprive a court of jurisdiction to consider actions for damages against the government.

█ Therefore, the court finds that the bankruptcy court erred in determining that the statute of limitations and administrative requirements were inapplicable and did not deprive the court of jurisdiction. Indeed, the regulations unequivocally state that "[a] petition for damages under paragraph (a) of this section must be filed in bankruptcy court within two years after the date the cause of action accrues." 26 C.F.R. § 301.7433–2(g). The bankruptcy court was clearly governed by the two-year statute of limitations; to find otherwise would be contrary to this statute's implementing regulations and case law.

However, the parties disagree as to "the date the cause of action accru[ed]." The IRS argues the date was no later than July 2002; Kovacs argues that the date was August 13, 2003, thereby making her August 11, 2005 filing within the two-year time limit. This court is not cast in the role as a fact-finder in this proceeding and it would be inappropriate for this court to attempt to determine which date applies. Therefore, the court finds that the bankruptcy court's determination that it was not bound by the statute of limitations was in error necessitating remand of this case to the bankruptcy court to determine the date the cause of action accrued and whether or not Kovacs filed within this time frame. If the bankruptcy court does not find that the she filed within the two-year statute of limitations, it is directed to dismiss the action in its entirety for want of jurisdiction.

## II. Sections 7430 and 7433

█ Assuming for the sake of analysis that the bankruptcy court does have juris-

diction over the action, the court will consider Kovacs' appeal of the damages award. Kovacs argues that the bankruptcy court abused its discretion in reducing her the damage award, and that the bankruptcy court should have segregated its analysis of §§ 7430 and 7433 in its assessment of the appropriate awards. The United States argues that if the bankruptcy court had subject matter jurisdiction to begin with, it was within its discretion to reduce Kovacs' award to $25,000.

Actual damages for a willful violation of the automatic stay by the IRS are controlled by 26 U.S.C. § 7433(e). Under that section, administrative and litigation costs are allowed only as prescribed by 26 U.S.C. § 7430. Section 7430 provides for an award of costs, including attorneys' fees, to the "prevailing party" in tax-related litigation. 26 U.S.C. § 7430(a). This statute is also limited by the requirement that no award for costs can be made unless "the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service." 26 U.S.C. § 7430(b). On the face of these statutes, when a party files an action under § 7433(e), as Kovacs did, this automatically implicates § 7430 because § 7433(e)(1)(B)(I) states "administrative and litigation costs in connection with such an action may only be awarded under section 7430." This necessarily requires a court to consider the limiting provisions of damage awards under § 7430. This includes costs that are *reasonable* and in accordance with the prevailing market rates. 26 U.S.C. § 7430(c)(emphasis added). Section 7430 also requires a court to consider this section's other limitations, such as the requirement that the administrative remedies be exhausted, that costs are only awarded if they are allocable to the United States, and that costs be denied if a party protracts the proceedings. *Id.* § 7430(b).

The Seventh Circuit has held that a trial court (in this case, the bankruptcy court) has broad discretion in determining what a reasonable award is, and such a determination should be based upon the facts and circumstances of each case. *State of Ill. v. Sangamo Const. Co.*, 657 F.2d 855, 862 (7th Cir.1982). Courts should only upset an award upon a finding that the trial court abused its discretion. *Id.* The court finds that consistent with § 7430, it was appropriate for the bankruptcy court to consider the prevailing market rate when calculating attorney's fees, Kovacs' mitigation efforts, and the protracted nature of the proceedings.

The court has carefully reviewed the bankruptcy court's September 11, 2007 decision and determines that the bankruptcy court made comprehensive and sound findings as to each of the applicable considerations set forth in § 7430. In regards to Kovacs' attorney's fees, a proportion of this sum was reduced because Kovacs had not submitted her demand with the actual prevailing rate; in this regard, it was certainly reasonable (and necessary) for the bankruptcy court to reduce her demand. As noted above, Kovacs' attorneys' fees were governed by § 7430 and, therefore, governed by the rate cap. The further reduction in fees after the court considered mitigation and protraction was also appropriate. The court grounded its analysis in bankruptcy case law and concluded that the case was "over-lawyered, over-staffed, and over-pleaded in light of the amount which was initially involved." *In re Kovacs*, 383 B.R. 90, 105 (Bankr.E.D.Wis. 2007). Kovacs argues that the court erred in finding that she refused to mitigate her damages, as such requirement is not specified in § 7430. This is correct, but the bankruptcy court specifically noted that mitigation and protraction are inextricably

intertwined and performed a joint analysis of these terms. The reduction the court came to was after an analysis of *both* mitigation efforts and possible protraction on the part of Kovacs. While this may have not been the best way to analyze the facts, and the bankruptcy court would have been on firmer footing if it referred only to Kovacs' protraction, it was certainly a reasonable analysis and the court finds no basis to disrupt the reduction.

 Finally, the court will not upset the bankruptcy court's order denying Kovacs' motion to reopen the record. It is well-established that decisions to reopen the record are within the broad discretion of the bankruptcy court. *In re Vaske,* 339 B.R. 489, 491 (Bankr.N.D.Iowa 2006) (citing 11 U.S.C. § 350(b)). Orders granting or denying a motion to reopen the record will only be overturned if the court finds that the bankruptcy court abused this discretion. *See White v. Boston,* 104 B.R. 951, 955 (S.D.Ind.1989). The court has reviewed the bankruptcy court's order denying Kovacs' motion to reopen and finds that there were sound reasons for denying the motion. Indeed, the bankruptcy court found that further evidence was unlikely to change the result in the case, and that the evidence was available before the trial began. Both of these considerations, in addition to the bankruptcy court's interest in finality of judgment, were legitimate reasons for denying the motion; accordingly, the court finds that the bankruptcy court did not abuse its discretion in denying Kovacs' motion to reopen.

In sum, this case is remanded to the bankruptcy court for a determination of the date that Kovacs' cause of action accrued. If the bankruptcy court determines that she filed within the two-year statute of limitations set forth in § 7433, the court is instructed to maintain its initial damage award. If the bankruptcy court determines that Kovacs did not file within the statute of limitations, it is instructed to dismiss this action in its entirety for want of jurisdiction.

Accordingly,

**IT IS ORDERED** that the bankruptcy court's order be and the same is hereby **VACATED** and the case **REMANDED** back to the bankruptcy court for further proceedings consistent with this opinion.