**In re: TRICO MARINE SERVICES, INC.**

**Trico Marine Services, Inc., Debtor,**

Steven Salsberg, Gloria Salsberg,
Plaintiffs–Appellants,

v.

Trico Marine Services, Inc., Trico Marine Assets, Inc., Trico Marine Operators, Inc., Defendants–Appellees.

No. 08–1553–bk.

United States Court of Appeals,
Second Circuit.

Aug. 11, 2009.

Steven Salsberg, New York, N.Y., pro se.

Matthew Solum, Kirkland & Ellis LLP, New York, N.Y., for Appellees.

PRESENT: GUIDO CALABRESI, B.D. PARKER, REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiffs–Appellants Steven and Gloria Salsberg (the "Salsbergs") appeal from a judgment of the District Court dismissing their appeal from a judgment of the Bankruptcy Court for the Southern District of New York, which had dismissed the Salsbergs' adversary proceeding brought pursuant to 11 U.S.C. § 1144. The Bankruptcy Court (Bernstein, *C.J.*) had held, after holding a trial on this issue, that Trevor Turbidy, the then-CFO of Defendants–Appellees Trico Marine Services, Inc., Trico Marine Assets, Inc., and Trico Marine Operators, Inc. (collectively "Trico"), had not committed fraud while testifying at the confirmation hearing for Trico's Chapter 11 reorganization plan. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.

"When a district court acts as an appellate court in an appeal from an order of the bankruptcy court, its determination is subject to plenary review." *In re Dairy Mart Convenience Stores, Inc.,* 411 F.3d 367, 371 (2d Cir.2005). As such, we review the Bankruptcy Court's decision, accepting its findings of fact unless they are clearly erroneous and reviewing its legal conclusions *de novo. See Kuhl v. United States,* 467 F.3d 145, 147 (2d Cir.2006).

Having conducted our own plenary review of the Bankruptcy Court's decision, we affirm for substantially the same reasons as those stated by the District Court in its thorough opinion. We also note that to the extent that the Salsbergs challenge certain of the Bankruptcy Court's factual findings regarding the valuation of Trico at the time of the confirmation hearing, none of these perceived inaccuracies in the court's calculations was sufficient to render its findings of fact as to whether Turbidy committed fraud clearly erroneous. *See Zervos v. Verizon N.Y., Inc.,* 252 F.3d 163, 168 (2d Cir.2001) ("'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948))).

We have considered the Salsbergs' remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED.**