NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2012[*]
Decided December 20, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 12-2650

| | |
|---|---|
| GARY D. BOWERS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 11-1224 |
| | |
| UNITED STATES OF AMERICA, | James E. Shadid, |
| *Defendant-Appellee*. | *Chief Judge*. |

**ORDER**

Gary Bowers receives Social Security retirement benefits, but in 2010 the Internal Revenue Service imposed a levy on those benefits to recover some of the $100,000 Bowers

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

owed in unpaid taxes. The IRS began levying almost two-thirds of his monthly benefits. *See* 26 U.S.C. § 6331. (IRS records reveal that Bowers also receives over $40,000 annually from union pension funds.) Bowers believes that the IRS is violating 26 U.S.C. § 6331(h)(1), which prohibits the IRS from imposing a "continuing levy" on more than 15% of certain payments. He sued in federal district court for the return of funds that the IRS has obtained above the 15% cap and to halt further levies. Concluding that the 15% cap did not apply to his benefits, the district court dismissed for failure to state a claim. Because Bowers did not exhaust his administrative remedies and cannot obtain declaratory and injunctive relief, we affirm the judgment.

After the IRS began its levy, Bowers wrote to a local Taxpayer Advocate Service and to the IRS office in Washington, DC. He demanded the return of the portion of the levies above 15% of the payment amounts, with interest, and requested that future levies stay below the 15% threshold. He did not cite any provision of law that required the IRS to abide by a 15% cap.

When he received no response, Bowers turned to district court. He invoked 26 U.S.C. § 7433, which allows a recovery for damages for wrongful tax collection, and alleged that he had exhausted his administrative remedies. He maintained that the IRS intentionally disregarded the 15% cap set by 26 U.S.C. § 6331(h)(1), which Bowers contends applies to his Social Security retirement benefits. He requested the return of the excessive portion of the levies, an injunction of future excessive levies, and a declaratory judgment in his favor.

The IRS moved to dismiss or in the alternative for summary judgment, raising procedural defenses and contesting the applicability of the 15% cap. It supported its motion with tax documents and correspondence that show Bowers's income and tax liability. Because the court relied on those attachments, it should have notified Bowers that it was approaching the motion as one for summary judgment. *See* FED. R. CIV. P. 12(d); *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). Still, the court's procedural misstep was harmless for three reasons. First, the IRS's hybrid motion provided sufficient notice that summary judgment was in play, and Bowers did not challenge any of the submitted documents or offer, as he could have, any evidence in rebuttal. *See Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011); *Miller*, 600 F.3d at 733. Second, the court informed Bowers (as a pro se litigant) that his failure to respond to the motion could result in the disposition of his case—and Bowers did indeed respond. *See Outlaw v. Newkirk*, 259 F.3d 833, 841–42 (7th Cir. 2001); *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992). Third, the only document outside of the complaint that is relevant to our review is Bowers's letter to the IRS protesting the levy, which he submitted himself. We therefore can review the district court's ruling as a grant of summary judgment, examining it de novo. *Miller*, 600 F.3d at 733; *see also* FED. R. CIV. P. 56(a).

In granting the IRS's motion, the court bypassed the government's procedural defenses and decided the merits. It ruled that the 15% cap § 6331(h) does not apply to "one-time" levies under § 6331(a). It then explained that a levy placed on a stream of Social Security benefit payments is effectively a one-time levy because the beneficiary has a predetermined right to the payments. *See* TREAS. REG. § 301.6331-1(a)(1). Accordingly, the 15% cap did not apply to Bowers's retirement benefits.

On appeal Bowers challenges the district court's conclusion that the 15% levy cap of § 6331(h) does not apply to Social Security benefits. The government offers three responses. First, it contends that the district court lacked jurisdiction under § 7433 because Bowers did not exhaust his administrative remedies, a prerequisite to the government's waiver of sovereign immunity for damages suits. Second, the Anti-Injunction Act, 26 U.S.C. § 7421, and Declaratory Injunction Act, 28 U.S.C. § 2201(a), bar Bowers from enjoining future tax collections or obtaining a declaratory judgment. Finally, on the merits the IRS maintains that the 15% cap does not limit the levy on Bowers's retirement benefits.

Although the IRS characterizes its first argument about sovereign immunity as "jurisdictional," our circuit does not view sovereign immunity that way. Sovereign immunity can be waived; jurisdiction cannot. *Collins v. United States*, 564 F.3d 833, 837–38 (7th Cir. 2009) (collecting cases). Nonetheless, we must evaluate the contention that Bowers did not exhaust his administrative remedies and therefore did not satisfy the requirements for the waiver of sovereign immunity. Waivers of sovereign immunity are narrowly construed because the immunity protects the public fisc. *See West v. Gibson*, 527 U.S. 212, 222 (1999); *Nelson v. Miller*, 570 F.3d 868, 883–84 (7th Cir. 2009). Thus "complete" exhaustion of administrative remedies is a condition of the waiver of sovereign immunity. *McNeil v. United States*, 508 U.S. 106, 112 (1993). The reason for strict enforcement, as the Supreme Court explained in the related context of the Federal Tort Claims Act, is that "[e]very premature filing . . . imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions." *Id.* Accordingly, we have rigorously enforced exhaustion requirements that precede damage actions, like Bowers's, against the government. *E.g.*, *Nick's Cigarette City, Inc., v. United States*, 531 F.3d 516, 521 (7th Cir. 2008); *Kikalos v. United States*, 479 F.3d 522, 525–26 (7th Cir. 2007).

Treasury Regulations specify how Bowers must exhaust his administrative remedies. *See* TREAS. REG. § 301.7433-1. A taxpayer action for damages arising from wrongful tax collection "may not be maintained" unless the taxpayer "has filed an administrative claim pursuant to paragraph (e)." *Id.* § 301.7433-1(a). Paragraph (e) requires the taxpayer to send the claim to the local Area Director. *Id.* § 301.7433-1(e). The claim must specify the "grounds, in reasonable detail, for the claim," the dollar amount of the claim, and any damages incurred. *Id.*

Bowers did not comply with these requirements. He alleges in his complaint that he exhausted administrative remedies, but a complaint does not create a factual dispute; the only evidence of exhaustion is the letter he mailed, and that letter was ineffective for two reasons. First, Bowers did not send his letter to the correct IRS office. *See Hoogerheide v. I.R.S.*, 637 F.3d 634, 639 (6th Cir. 2011) (disqualifying § 7433 administrative claim for being sent to incorrect address); *Kuhl v. United States*, 467 F.3d 145, 148 (2d Cir. 2006) (same). He rightly notes the IRS's regulation refers anachronistically to the office of the "Area Director"—an office that no longer exists. Therefore, he explains, he mailed his letter to two IRS-affiliated offices that he thought would suffice. But the IRS has published a notice referring taxpayers to the agency's website, which lists the updated address that taxpayers must use. I.R.S. Notice 2010-53, 2010-31 IRB 182. (Bowers should have mailed his claim to Stop 5012 CHI, 230 S. Dearborn Room 2630, Chicago, IL 60604. *See Where to File Certain Elections, Statements, Returns and Other Documents*, IRS, http://www.irs.gov/uac/Where-to-File-Certain-Elections,-Statements,-Returns-and-Other-Documents (last updated Aug. 3, 2012).) Furthermore, Bowers acknowledges that he received no response to his mailing. But rather than explore whether he contacted the wrong offices, he simply sued.

Even if we overlooked as understandable Bowers's misdirected mailing, his administrative claim could not overcome the bar of sovereign immunity for a second reason: It did not articulate the grounds for his claim "in reasonable detail." TREAS. REG. § 301.7433-1(e)(2)(ii). Although the letter demanded that the IRS levy no more than 15% of his retirement benefits, Bowers did not identify the law that the IRS was allegedly violating, a requirement that we have repeatedly enforced. *E.g., United States v. Oestreich*, 286 F.3d 1026, 1028 (7th Cir. 2002) (ruling insufficient § 7433 administrative claim that did not identify law violated); *see also Nick's*, 531 F.3d at 521 (deeming insufficient taxpayer's refund claim that alleged improper assessment but did not explain which law IRS violated); *Kikalos*, 479 F.3d at 525–26 (concluding administrative claim inadequate when it provided no details about grounds for refund). Without giving the IRS fair notice of the law that it allegedly violated, Bowers did not meet the strict, "complete exhaustion" requirement. Accordingly, his claim for damages cannot overcome the defense of sovereign immunity.

Finally we turn to Bowers's claim for equitable relief. Bowers cannot demonstrate the "certainty of success" that would allow him to elude the Anti-Injunction Act's otherwise categorical bar on suits "for the purpose of restraining the assessment or collection" of taxes. 26 U.S.C. § 7421(a); *see also Bob Jones Univ. v. Simon*, 416 U.S. 725, 737, 740 (1974); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7–8 (1962). Success is not "certain" because at least four federal district courts (beyond the one in this case) have already ruled that the 15% cap of § 6331(h) does not diminish the IRS's power to levy 100% of assets under § 6331(a), which is the provision that the IRS invoked here. *Hines v. United States*, 658 F. Supp. 2d 139, 146–47 (D.D.C. 2009) (applying conclusion to Social Security benefits); *Duran v. IRS*,

No. CV-F-09-345OWW/DLB, 2009 WL 700518, at *4 (E.D. Cal. Mar. 16, 2009); *Beam v. United States*, No. 07-6035-TC, 2007 WL 1674083, at *1 (D. Or. June 6, 2007); *United States v. Marsh*, 89 F. Supp. 1171, 1179 (D. Haw. 2000). Likewise, Bowers cannot escape the Declaratory Judgment Act's absolute bar on declaratory judgments "with respect to Federal taxes." 28 U.S.C. § 2201(a). Thus, Bowers cannot pursue equitable relief from the tax levy.

AFFIRMED.