22-753-cv
*Manchanda v. Internal Revenue Service et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand twenty-three.

Present:
>     GUIDO CALABRESI,
>     DENNY CHIN,
>     EUNICE C. LEE,
>         *Circuit Judges.*

_____

RAHUL MANCHANDA,

>          *Plaintiff-Appellant,*

>     v.                                              22-753-cv

INTERNAL REVENUE SERVICE, T FAHMAN, SUSAN MCNAMARA, ERICA FARRELL, UNITED STATES GOVERNMENT,

>          *Defendants-Appellees,*

JANE DOES 1-10, CURRENT AND FORMER EMPLOYEES OF IRS,

>          *Defendant.*

_____

For Plaintiff-Appellant:          Anthony Motta, Manchanda Law Office, New York, NY.

For Defendants-Appellees:         Dana Walsh Kumar (Benjamin H. Torrance, *on the*

*brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Rahul Manchanda ("Manchanda") appeals from an order of the district court dismissing his claims of unauthorized tax collection and other statutory and tort claims against Defendants-Appellees the Internal Revenue Service, the United States, and several Internal Revenue Service officers and employees (collectively, "Appellees" or the "IRS"). Specifically, Manchanda argues that the district court erred in finding a lack of subject matter jurisdiction for the tort claims and a failure to administratively exhaust the statutory claims.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons that follow, we affirm the district court.

Manchanda alleged that the IRS made multiple harassing phone calls to him, his business associates, and his wife, in which the IRS disclosed Manchanda's outstanding unpaid taxes and attempted to collect money from him. At the time the IRS made the calls, Manchanda had made settlement offers to the IRS—known as "Offers-in-Compromise" ("OIC")—to settle his outstanding tax debts. Manchanda alleged that "a taxpayer is entitled to having all collection activity frozen . . . once an Offer-in-Compromise is filed." Joint App'x 14. A few months after the phone calls, in both January of 2019 and June of 2020, Manchanda filed Standard Form 95s (the "SF-95s") with the IRS to seek damages for the phone calls.

2

Manchanda filed this action in December of 2020, and he filed the operative Amended Complaint in March of 2021. His Amended Complaint asserts claims for the torts of intentional and negligent infliction of emotional distress, abusive and unauthorized tax collection practices under 26 U.S.C. § 7433, and unauthorized disclosure of taxpayer information under 26 U.S.C. § 7431.

On March 28, 2022, the district court dismissed the operative Amended Complaint. It reasoned that it lacked subject matter jurisdiction over the tort claims because the government has not waived sovereign immunity for claims relating to tax collection. On the merits of the statutory claims, it found that Manchanda's claim under § 7433 for unauthorized tax collection could not proceed because Manchanda did not make the administrative filings required to exhaust administrative remedies. Similarly, because Manchanda agreed that his § 7431 claim was governed by the same exhaustion requirements, the district court held he had not exhausted administrative remedies necessary for that claim, either. This appeal followed.

\* \* \*

"On appeal of a dismissal for lack of subject matter jurisdiction, we review the district court's factual findings for clear error and its legal conclusions *de novo*." *Collins v. United States*, 996 F.3d 102, 108 (2d Cir. 2021). "We review a district court's grant of a motion to dismiss *de novo*, 'accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor.'" *Henry v. County of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013) (per curiam)).

Through the Federal Tort Claims Act ("FTCA"), Congress explicitly waived the federal government's sovereign immunity, *see* 28 U.S.C. § 2674, in connection with certain "claims against the United States . . . under circumstances where the United States, if a private person,

3

would be liable to the claimant in accordance with the law of the place where the act or omission occurred," *id.* § 1346(b)(1); *see also Kosak v. United States*, 465 U.S. 848, 851–52 (1984). However, Congress also provided "13 enumerated exceptions" to the FTCA's "broad waiver of sovereign immunity." *Kosak*, 465 U.S. at 852. One such exception preserves the government's immunity as to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty." 28 U.S.C. § 2680(c). This Court has previously held that "[w]e understand the § 2680(c) exception to cover claims arising out of the operation of the government's mechanism for assessing and collecting taxes." *Aetna Cas. & Sur. Co. v. United States*, 71 F.3d 475, 478 (2d Cir. 1995); *see also Weiner v. IRS*, 986 F.2d 12, 12 (2d Cir. 1993) (per curiam) (holding § 2680(c) bars tort claims related to "erroneous and improperly executed [tax] levies"). And we have recognized that "there is no 'negligence' exception to § 2680(c)'s retention of sovereign immunity." *Adeleke v. United States*, 355 F.3d 144, 154 (2d Cir. 2004).

In spite of § 2680(c), Manchanda argues that the district court had jurisdiction over his tort claims because the IRS's tax collection efforts had "no realistic nexus to the function of assessing or collecting taxes" because the conduct was merely "harassment . . . in no way aimed at legitimate tax collection." Appellant's Br. 11–12 (internal quotation marks omitted). In other words, Manchanda concedes that the complained-of conduct constitutes tax collection efforts, but he asks us to carve out an exception for what he believes are wrongful tax collection efforts. This we cannot do. In *Kosak*, the Supreme Court abrogated prior law holding that government negligence may provide an exception to § 2680(c)'s retention of sovereign immunity. *See* 465 U.S. at 854–55. In so doing, the *Kosak* Court emphasized that "the fairest interpretation of the crucial portion of [§ 2680(c)] is the one that first springs to mind: 'any claim arising in respect of'" matters covered by the statute are not amenable to suit. *Id.* at 854. In light of *Kosak*, we have since held "that

4

there is no 'negligence' exception to § 2680(c)'s retention of sovereign immunity." *Adeleke*, 355 F.3d at 154. Given precedent and the plain language of § 2680(c), the IRS is immune from Manchanda's tort claims.

Manchanda also argues that his 26 U.S.C. §§ 7431 and 7433 claims should not have been dismissed for his failure to exhaust administrative remedies. He agrees that his SF-95s did not provide the IRS with all the information demanded by the governing exhaustion regulation, 26 C.F.R. § 301.7433-1(e). He also agrees that the same exhaustion requirements apply to both statutory claims. In spite of this, he asks that the exhaustion requirements be set aside in his case, on the ground that the SF-95s he filed amounted to "informal notice of claim[s]," because they provided enough "information" for the IRS "to discern the nature of [his] claim[s]," even if Manchanda "didn't provide every bit of information required by" § 301.7433-1(e). Appellant's Br. 19. In the district court below, however, Manchanda only argued that he filed his SF-95s in a sufficiently timely manner to comply with § 301.7433-1(e), not that he should be relieved from providing all the information § 301.7433-1(e) requires. Accordingly, this argument is waived. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 124 n.29 (2d Cir. 2005).

The argument also fails on the merits. In a similar case, we found that a plaintiff asserting a claim under 26 U.S.C. § 7430(b) had "failed to exhaust the administrative remedies available to her" because she had not filed with the IRS the "letter detailing her claim" required by regulation. *Kuhl v. United States*, 467 F.3d 145, 148 (2d Cir. 2006) (per curiam). We found that the plaintiff could not sue the IRS in court despite "her argument that the IRS had notice in fact of her claim," because such informal notice "does not amount to the required showing that the IRS official designated by the regulation was on notice and thus in a position to resolve her claim administratively." *Id.* at 149. This reasoning applies equally in Manchanda's case, as he did

not file his forms in a manner that would have given notice of his claims to the IRS officials charged with handling them. Specifically, the applicable regulation seeks to give the appropriate IRS officials notice by requiring a claimant to send his claims "in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." 26 CFR § 301.7433-1(e)(1). Manchanda's SF-95s, however, are addressed generally to "Internal Revenue Service ("IRS")" and "US Treasury/IRS," respectively. Joint App'x 82, 85.

*    *    *

We have considered Manchanda's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court